UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENDA JOHNSON,

           Plaintiff,

v.

PIERCE COUNTY, *et al.*,

           Defendants.

CASE NO. 3:21-cv-05841-DGE

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

      The District Court has referred the *in forma pauperis* ("IFP") motion in this matter to the Court pursuant to Amended General Order 02-19.

      Plaintiff's proposed complaint is subject to screening by the Court under 28 U.S.C. § 1915(e), which requires dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff's proposed complaint fails to state a claim upon which relief can be granted. However, the Court will grant plaintiff an opportunity to amend her proposed complaint to correct the deficiencies set forth herein.

If plaintiff chooses to amend her proposed complaint, she must file her amended proposed complaint on or before **January 21, 2022.** Failure to do so or to comply with this Order will result in the undersigned recommending dismissal of this matter without prejudice.

Finally, because it does not appear that plaintiff has presented this Court with a viable claim for relief, the Court declines to rule on her *in forma pauperis* motion at this time. Instead, the Clerk shall renote the *in forma pauperis* motion for the Court's consideration on January 21, 2022. *See* Dkt. 1.

## DISCUSSION

### I. Title VI

Plaintiff alleges claims under Title VI of the Civil Rights Act of 1964.

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "To state a claim for damages under *42 U.S.C. § 2000d et seq.*, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir.1994) (citations omitted), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). The statute requires proof of discriminatory intent. *Rodriguez v. Cal. Hwy. Patrol*, 89 F. Supp. 2d 1131, 1139 (N.D. Cal. 2000).

Here, plaintiff fails to allege any particular incidents forming the basis for her complaint of racial discrimination under Title VI. She therefore does not allege a viable claim under Title VI.

## II. 42 U.S.C. § 1981

Plaintiff alleges claims under 42 U.S.C. § 1981, as well.

Section 1981 prohibits discrimination in the making and enforcement of contracts on account of race. *See* 42 U.S.C. § 1981. "For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To establish a claim under section 1981, a plaintiff must show that: (1) she is a member of a racial minority; (2) the defendant intentionally discriminated against the plaintiff because of race; and (3) the discrimination concerned one or more of the activities enumerated in § 1981. *Keum v. Virgin Am. Inc.*, 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011); *see generally Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (to state a claim under § 1981, a plaintiff must identify a contractual relationship impaired by intentional racial discrimination).

Again, plaintiff does not allege any particular facts to support the elements of a claim under § 1981. Her conclusory allegations that she suffered from discrimination are inadequate.

## III. 42 U.S.C. § 1983

Plaintiff also briefly states that her rights to "due process," to a jury trial, and to a fair hearing have been violated. Dkt. 1-1, at 1. The Court construes this as an attempt to raise a claim under 42 U.S.C. § 1983.

However, other than simply listing these rights, plaintiff does not explain why or how they have been violated. Plaintiff fails to allege a cognizable claim for any constitutional violations without explicitly alleging a legal theory of how defendants violated these rights and what factual allegations support that theory.

Moreover, to the extent that plaintiff is bringing claims against Pierce County for constitutional violations, local government entities, such as a county, can be held liable under § 1983 only if the allegedly unconstitutional actions of their employees were taken pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Alternatively, local government entities also can be liable for adopting an unconstitutional custom, even if such custom has not received formal approval through the body's official decision-making channels. *Id.* at 690–91.  A local government entity cannot be held liable under § 1983 simply because it employs someone who has allegedly acted unlawfully. *Id.* at 691, 694.  Here, plaintiff fails to allege that Pierce County had a policy or custom that was the "moving force" behind the alleged deprivation of her constitutional rights. *Bd. of Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 400 (1997).  Therefore, she has failed to plead a viable claim against the County.

And to the extent that plaintiff is bringing claims allegedly against two Pierce County police officers, Barbra Mcinvaille and Bryan Chushcoff, under § 1983, her allegations are not detailed and specific enough to support viable claims against these defendants. Dkt. 1-1, at 1.  In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show the following: (1) she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  If a plaintiff brings a claim against a defendant in that person's "personal capacity," the plaintiff is "seek[ing] to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  The plaintiff must allege facts showing how a defendant caused or

personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act that is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping, conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Applying this law, plaintiff's bare allegation that two police officers are liable for violating her constitutional rights is inadequate to state a viable claim.

### IV. State Law Claim

Finally, there is no private right of action (that is, no right to bring a civil lawsuit) to enforce RCW 9A.36.080, although plaintiff lists violation of this state law as one basis for her claims. *E.g.*, *Kerner v. Seattle Police Dep't*, No. C18-1737-JCC, 2019 WL 1922925, at *2 (W.D. Wash. Apr. 30, 2019). Plaintiff cannot allege a viable state law claim under RCW 9A.36.080.

### INSTRUCTIONS TO PLAINTIFF AND THE CLERK

Due to the deficiencies described above, unless plaintiff shows cause or amends the proposed complaint, the Court will recommend dismissal of the proposed complaint without prejudice. If plaintiff chooses to amend her proposed complaint, she must file her amended proposed complaint on or before **January 21, 2022.** Failure to do so or to comply with this Order will result in the undersigned recommending dismissal of this matter without prejudice.

The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate

any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement.

An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474.

The Clerk is directed to send plaintiff the appropriate forms so that she may file an amended complaint. The Clerk is further directed to send copies of this Order to plaintiff.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **January 21, 2022,** the undersigned will recommend denial of plaintiff's application to proceed *in forma pauperis* and dismissal of this action pursuant to 28 U.S.C. § 1915.

Dated this 22nd day of December, 2021.

J. Richard Creatura
Chief United States Magistrate Judge