```
                                UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
                                          AT TACOMA
```

| | |
|---|---|
| BRENDA JOHNSON, | |
| Plaintiff, | CASE NO. 3:21-cv-05841-DGE |
| v. | REPORT AND RECOMMENDATION |
| PIERCE COUNTY, *et al.*, | NOTED FOR: February 18, 2022 |
| Defendants. | |

The District Court has referred the *in forma pauperis* ("IFP") motion in this matter to the Court pursuant to Amended General Order 02-19. Plaintiff has failed to provide a viable proposed complaint in this matter and further opportunities to amend would be futile, so that pursuant to 28 U.S.C. § 1915(e), the IFP motion should be denied and this matter should be dismissed without prejudice.

**BACKGROUND**

Plaintiff initiated this matter in November 2021 by filing the pending IFP motion. Dkt. 1. In December 2021, the undersigned reviewed plaintiff's proposed complaint and explained that it

REPORT AND RECOMMENDATION - 1

failed to state a claim upon which relief could be granted. Dkt. 12, at 1. The undersigned offered plaintiff an opportunity to amend her proposed complaint to remedy the deficiencies. Dkt. 12, at 1. Plaintiff's amended proposed complaint was due on or before January 21, 2022, and she was warned that failure to comply with the undersigned's order would result in a recommendation that this matter be dismissed without prejudice. Dkt. 12, at 2. In addition, the Court explained that it would not rule on plaintiff's IFP motion because she had not presented the Court with a viable claim for relief. Dkt. 12, at 2.

Plaintiff has filed a variety of documents in this matter since the undersigned issued the show cause order. *See, e.g.*, Dkt. 13 (attempting to appeal the show cause order to the Ninth Circuit). It appears that on January 7, 2022, she filed a document intended to be her proposed amended complaint in this matter. Dkt. 16, at 1. After the deadline to comply with the show cause order, she also filed a motion that states that she is "requesting amend pleadings" [sic]. Dkt. 28, at 1. She has also filed three notices of appeal, seeking to appeal the Order to Show Cause (Dkt. 13), District Judge Estudillo's Order Regarding Email Documents (Dkt. 14), and her own IFP motion. Dkt. 30. The Ninth Circuit dismissed the notice of appeal related to the Order to Show Cause, explaining that it lacked jurisdiction over the matter. Dkt. 25.

## DISCUSSION

Section 1915(e), title 28 of the U.S. Code authorizes this Court to review an IFP plaintiff's complaint and to dismiss the case "at any time" if the complaint, among other things, is frivolous, malicious, or fails to state a claim upon which relief may be granted. Here, plaintiff's complaint is patently frivolous and fails to state a claim upon which can be granted.

The Court previously explained to plaintiff that her proposed complaint suffered from the following deficiencies. First, to the extent she brought claims under Title VI of the Civil Rights

Act of 1964, she failed to allege particular incidents of racial discrimination. Dkt. 12, at 2. Second, to the extent she brought claims under 42 U.S.C. § 1981(b), she had not alleged any particular facts to support the elements of such a claim. Dkt. 12, at 3. Third, her conclusory references to due process, jury trials, and a fair hearing were not enough to allege a cognizable claim under 42 U.S.C. § 1983; and her claims against the County and against two police officers failed to identify an alleged County policy or custom or specific allegations about how the individual defendants violated plaintiff's rights. Dkt. 12, at 3–5. Fourth, the Washington statute that she cited (RCW 9A.36.080) did not provide for a private right of action. Dkt. 12, at 5.

Because plaintiff is *pro se*, the Court offered her an opportunity to amend her proposed complaint. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff's amended proposed complaint is largely the same as her initial proposed complaint. *Compare* Dkt. 16, *with* Dkt. 1-1. It suffers from the same deficiencies that the Court has already explained to plaintiff. *See* Dkt. 12. Plaintiff attaches a variety of other documents, but the Court warned plaintiff that her complaint had to be complete "in itself." Dkt. 12, at 6. The attached documents—many of which appear to be copies of motions she has filed in this or other matters—do not render the claims of her proposed amended complaint viable.

Further opportunity to amend her complaint would be futile, as the Court has already explained the deficiencies in plaintiff's proposed complaint and plaintiff has failed to correct them. To the extent that her proposed motion to amend and seal evidence (Dkt. 28) may be interpreted as a request to further amend the proposed complaint, plaintiff fails to show that further amendment would not be futile. Therefore, the undersigned recommends that the IFP

motion be denied, that all other pending motions be denied, and that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

As noted above, as of the date of this Report and Recommendation, plaintiff has filed two notices of appeal in this matter that have not yet been resolved by the Ninth Circuit. *See* Dkt. 17 (appealing the District Court's order regarding emailed documents), Dkt. 30 (appealing the motion for leave to proceed IFP). "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400 (1982) (per curiam). Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.*

But "when a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir.2007). In such a case, the district court "may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Sec'y of the U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966). Neither plaintiff's own IFP motion nor District Judge Estudillo's order for plaintiff to cease emailing documents to the Court's proposed orders email box are interlocutory orders that may be appealed. *See Van Dusen v. Swift Transp. Co.*, 830 F.3d 893, 896–97 (9th Cir. 2016) (case management order not appealable). Therefore, the fact that plaintiff has these pending notices of appeal does not divest the Court of jurisdiction over this matter and should not prevent the Court from ruling on this Report and Recommendation. *See also Hilliard*

REPORT AND RECOMMENDATION - 4

*v. Kincheloe*, 796 F.2d 203, 309 (9th Cir. 1986) ("[R]eports and recommendations filed by magistrates with the district court and served on the parties . . . are not appealable orders and . . . any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.").

## CONCLUSION

The IFP motion should be denied, and this matter should be dismissed without prejudice. The Clerk shall send a copy of this Report and Recommendation to plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 18, 2022,** as noted in the caption.

Dated this 28th day of January, 2022.

J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5