1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

BRENDA JOHNSON,

Plaintiff,

v.

PIERCE COUNTY et al.,

Defendant.

CASE NO. 3:21-cv-05841-DGE

ORDER ADOPTING REPORT AND
RECOMMENDATION

12

13

14

15

16

17

This matter comes before the Court on the Report and Recommendation ("R&R") of the

Honorable J. Richard Creatura, United States Magistrate Judge.  (Dkt. No. 31.)

18

### I.   FACTUAL AND PROCEDURAL BACKGROUND

19

Plaintiff initiated this action on November 17, 2021 by filing a motion to proceed *in*

20

*forma pauperis* ("IFP").  (Dkt. No. 1.)  Plaintiff's proposed complaint (Dkt. No. 1-1)—which

21

alleged violations of the Civil Rights Act of 1964, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and

22

Revised Code of Washington 9A.36.080—was subject to screening by the Court under 28 U.S.C.

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

1  § 1915(e), which requires dismissal of a complaint that is frivolous, malicious, or fails to state a

2  claim upon which relief can be granted.

3        On December 22, 2021, Judge Creatura found that Plaintiff's proposed complaint failed

4  to state a claim upon which relief could be granted, but granted Plaintiff an opportunity to amend

5  her complaint.  (Dkt. No. 12.)

6        Judge Creatura found that Plaintiff failed to allege any particular facts that form the basis

7  for her complaints under the Civil Rights Act, 42 U.S.C. § 1981, or 42 U.S.C. § 1983.  (*Id*. at 2-

8  5.)  Judge Creatura further found that there exists no private right of action (that is, no right to

9  bring a civil lawsuit) to enforce Revised Code of Washington 9A.36.080.  (*Id*. at 5.)  Plaintiff

10  filed a document apparently intended as a proposed amended complaint on January 7, 2022.

11  (Dkt. No. 16.)

12  **II.     STANDARD OF REVIEW**

13        The district judge must determine de novo any part of the magistrate judge's disposition

14  that has been properly objected to.  The district judge may accept, reject, or modify the

15  recommended disposition; receive further evidence; or return the matter to the magistrate judge

16  with instructions. Fed. R. Civ. P. 72(b)(3).

17  **III.     DISCUSSION**

18  **A. Report and Recommendation.**

19        On January 28, 2022, Judge Creatura issued a Report and Recommendation ("R&R")

20  recommending denial of Plaintiff's IFP motion and dismissal of this matter without prejudice.

21  (Dkt. No. 31.)  Judge Creatura found that Plaintiff's amended complaint was largely the same as

22  her initial proposed complaint and that granting Plaintiff a further opportunity to amend her

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

1 │ complaint would be futile since Plaintiff failed to correct the deficiencies in her complaint after

2 │ the Court explained them.  (*Id*. at 3-4.)

3 │        Plaintiff did not object to Judge Creatura's R&R, but instead filed another proposed

4 │ amended complaint (Dkt. No. 34) which suffers from the same deficiencies as her first two

5 │ complaints.

6 │        Accordingly, the Court ADOPTS the R&R.

7 │        **B.  Plaintiff's Conduct.**

8 │        Plaintiff's conduct in this case, and in numerous other cases filed in this district, raises

9 │ serious questions concerning how much judicial time the Court should devote to reviewing

10 │ Plaintiff's claims, which are often difficult to understand and lacking in merit.

11 │        In this case, despite filing hundreds of pages of documents with the Court, the precise

12 │ nature of Plaintiff's claims against Defendants remains unclear.  These documents include copies

13 │ of statutes, documents related to previous cases filed in this district and the Pierce County

14 │ Superior Court, and documents related to Plaintiff's interactions with various local, state and

15 │ federal agencies.  (Dkt. Nos. 7, 8, 9, 10, 18, 19, 20.)  The relevance of these documents to

16 │ Plaintiff's cause of action is unclear.  Plaintiff has attached many of these documents to various

17 │ motions of uncertain purpose.  (Dkt. Nos. 10, 19, 21, 22, 23, 24, 26, 28, 29.)  For a time, Plaintiff

18 │ was sending many of these documents, in electronic form, to the Court's orders inbox.  (Dkt. No.

19 │ 14.)

20 │        The Court advises Plaintiff that the submission of documents like these, which have no

21 │ apparent connection to Plaintiff's cause of action, will not assist the Court in adjudicating

22 │ Plaintiff's claim.  They will instead create significant confusion concerning Plaintiff's case and

23 │ will delay its resolution considerably.  As a preliminary matter, a complaint need only contain a

24 │

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

1    "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

2    Civ. P. 8(a)(2).  Similarly, Plaintiff's frequent filing of apparently frivolous motions makes it

3    difficult for the Court to properly address her claims.

4           The Court further notes that Plaintiff has already filed three premature notices of appeal

5    to the United States Court of Appeals for the Ninth Circuit (Dkt. Nos. 13, 17, 30), seeking to

6    appeal the Order to Show Cause (Dkt. No. 12), the Court's Order Regarding Emailed Documents

7    (Dkt No. 14), and her own IFP motion.  (Dkt. No. 1.)  The Ninth Circuit dismissed the notice of

8    appeal related to the Order to Show Cause, explaining that it lacked jurisdiction over the matter

9    because the order challenged in the appeal was not final or appealable.  (Dkt. No. 25.)  The Ninth

10   Circuit also dismissed the notice of appeal related to Plaintiff's IFP motion as duplicative of

11   Plaintiff's appeal of the Order to Show Cause.  (Dkt. No. 33.)

12          With respect to Plaintiff's appeals, the Court notes that a federal district court and a

13   federal court of appeals "should not attempt to assert jurisdiction over a case simultaneously."

14   *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58, 103 S. Ct. 400 (1982) (per

15   curiam). Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it

16   confers jurisdiction on the court of appeals and divests the district court of its control over those

17   aspects of the case involved in the appeal."  (*Id*.)

18          But "when a Notice of Appeal is defective in that it refers to a non-appealable

19   interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule

20   that the district court cannot act until the mandate has issued on the appeal does not

21   apply."  *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir.2007).  In such a case, the district

22   court "may disregard the purported notice of appeal and proceed with the case, knowing that it

23   has not been deprived of jurisdiction."  *Ruby v. Sec'y of the U.S. Navy*, 365 F.2d 385, 389 (9th

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

1   Cir. 1966).  Neither Plaintiff's IFP motion nor the Court's order for Plaintiff to cease emailing

2   documents to the Court's proposed orders email box are interlocutory orders that may be

3   appealed.  *See Van Dusen v. Swift Transp. Co.*, 830 F.3d 893, 896–97 (9th Cir. 2016) (case

4   management order not appealable).

5        As such, the fact that Plaintiff has these notices of appeal pending before the Ninth

6   Circuit does not divest this Court of jurisdiction over this matter and does not prevent the Court

7   from ruling on the Report and Recommendation.  *See Hilliard v. Kincheloe*, 796 F.2d 203, 309

8   (9th Cir. 1986) ("[R]eports and recommendations filed by magistrates with the district court and

9   served on the parties . . . are not appealable orders and . . .any notice of appeal pursuant to Fed.

10  R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.").

11       The Court notes that Plaintiff, who has filed 19 claims in the Western District of

12  Washington since 2014, has engaged in similar behavior in other cases filed in this district.  *See*

13  *Johnson v. Electronic Transaction Consultants Corporation et al*, Case No. 2:19-cv-00337-RAJ,

14  Dkt. No. 44 (W.D. Wash. 2019) (cautioning Plaintiff about filing numerous difficult to follow

15  motions and objections and finding no discernable merit to her claim); *Johnson v. Washington*

16  *State Department of Transportation et al*, Case No. 2:19-cv-00862-RSM, Dkt. No. 22 (W.D.

17  Wash. 2019) (finding that Plaintiff's claim was frivolous and that her response to the Court's

18  order to show cause was wholly inadequate and "largely non-sensical"); *Johnson v. Electronic*

19  *Transaction Consultants Corporation*, Case No. 3:14-cv-05872-RJB, Dkt. Nos. 51, 56, 73, 91

20  (W.D. Wash. 2014) (finding, in response to various filings by Plaintiff, that her pleadings were

21  "difficult to decipher", recited "irrelevant" Pierce County proceedings, and were unclear

22  concerning which of the Court's orders she wanted it to reconsider.)

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

1    Plaintiff has also repeatedly filed frivolous complaints of judicial misconduct or motions

2  demanding that judges in this district recuse themselves from her cases, citing nothing more than

3  their previous rulings dismissing her claims.  *United States v. Studley*, 783 F.2d 934, 939 (9th

4  Cir. 1986) (finding that a judge's prior adverse ruling is not sufficient cause for recusal); *Johnson*

5  *v. Washington State Department of Transportation et al*, Case No. 2:19-cv-00862-RSM, Dkt.

6  Nos. 19, 20, 25 (W.D. Wash. 2019); *Johnson v. Electronic Transaction Consultants Corporation*

7  *et al*, Case No. 3:17-cv-06009-RJB, Dkt. Nos. 20, 25 (W.D. Wash. 2017); *Johnson v. Rembert et*

8  *al.*, Case No. 3:20-cv-05331-RJB, Dkt. Nos. 9, 11 (W.D. Wash. 2020); *Johnson v. Tacoma*

9  *Police et al,* Case No. 3:20-cv-05548-RJB, Dkt. Nos. 12, 14 (W.D. Wash. 2020); *Johnson v.*

10  *United States of America et al*, Case No. 3:20-cv-06031-RJB, Dkt. Nos. 7, 12 (W.D. Wash.

11  2020); *Johnson v. Wells Fargo*, Case No. 3:21-cv-05212-BHS, Dkt. No. 10 (W.D. Wash. 2021);

12  *Johnson v. United States et al*, Case No. 3:21-cv-05225-RJB, Dkt. Nos. 10, 12 (W.D. Wash.

13  2021); *Johnson v. United States et al*, Case No. 3:21-cv-05242-MJP, Dkt. Nos. 14, 19 (W.D.

14  Wash. 2021); *Johnson v. Miller et al*, Case No. 3:21-cv-05539-BHS, Dkt. No. 7 (W.D. Wash.

15  2021).

16    Plaintiff's habit of filing numerous, incomprehensible motions, demanding the recusal of

17  judges without cause, and filing premature appeals has created a significant administrative

18  burden for court personnel, and has made it increasingly difficult for the Court to properly assess

19  and adjudicate her claims.  If Plaintiff wants the Court to properly address her claims, she must

20  ensure that the Court can understand her pleadings, and must avoid conduct that imposes

21  needless burdens on Court personnel without advancing her claims.

22    If Plaintiff does not cease the conduct described above, the Court may have no choice but

23  to enter an order restricting Plaintiff's ability to litigate cases in this district.

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 6

The All Writs Acts, 28 U.S.C. § 1651(a) provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Although such orders should be rare, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

### IV.    ORDER

Having reviewed the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge, any objections or responses to that, and the remaining record, the Court finds and ORDERS:

(1) The Court ADOPTS the Report and Recommendation (Dkt. No. 31);

(2) This case is DISMISSED WITHOUT PREJUDICE;

(3) All pending motions, including the motion to proceed *in forma pauperis*, are DENIED;

(4) The Clerk is directed to send a copy of this Order to Plaintiff and to Judge Creatura.

Dated this 28th day of February, 2022.



David G. Estudillo
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 7